CRAWLEY, Presiding Judge,
dissenting.
I respectfully dissent. The main opinion states that the expert testimony in this case does not meet the required “clear and convincing” standard enunciated in § 25-5-81(c), Ala.Code 1975, but amounts to nothing more than a showing of “possible” causation, which is insufficient to support the trial court’s judgment that Mclnish’s injury arose out of his employment with KGS. We have acknowledged that in some cases involving cumulative-stress disorders, such as carpal tunnel syndrome, the only honest testimony that a doctor can give is that, in his or her opinion, the injury “‘could have been’” or “‘probably was’ ” work related. We have said that “to require a doctor to give a more certain conclusion regarding medical causation in such instances would be to encourage employees to find a doctor who would be willing to be less than truthful, and, ultimately, only those employees who were able to find such a doctor could prevail.” International Paper Co. v. Melton, 866 So.2d 1158, 1168 (Ala.Civ.App.2003). Furthermore, a trial court may find medical causation without the testimony of medical experts, and the totality of the evidence, including lay-person and expert testimony, may satisfy a showing of medical causation. See Ex parte Price, 555 So.2d 1060 (Ala.1989), and U.S. Steel, A Div. of USX Corp. v. Nelson, 634 So.2d 134 (Ala.Civ.App.1993). In this case, although Dr. Meyer, KGS’s authorized physician, determined that Mclnish’s condition was not related to his employment, Dr. Kelsey stated that Mclnish’s neck problems were “consistent with” the cumulative trauma described by Mclnish. In addition, Mclnish’s physique had drastically changed from when he started working for KGS to the time of trial, and testimony indicated that the onset of Mclnish’s symptoms of his condition occurred during his employment with KGS, where he was subjected to violent vibrations. The resolution of conflicting evidence as to medical causation is the province of the trial court, not the appellate courts, and based on the totality of the evidence the trial court could have reasonably found that Mclnish presented clear and convincing evidence indicating that his disability arose out of his employment.